IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

JUSTON MCDOWELL,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   1:25-CR-00350 (AMN)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose (i) a sentence of imprisonment within the advisory guideline range of 30 to 37 months; and (ii) a term of supervised release of three years along with the special conditions recommended by the United States Probation Office in its Presentence Investigation Report ("PSIR").

**I**

**INTRODUCTION**

On October 15, 2025, pursuant to a written plea agreement, the defendant entered a guilty plea to Count 1 of Information (25-CR-00350), in violation of 18 U.S.C. §§ 922(a)(1)(A) & 924(a)(1)(D) (Dealing in Firearms Without a License).   The defendant is scheduled to be sentenced on February 13, 2026.

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Minimum and Maximum Sentences**

The defendant's conviction for Dealing in Firearms Without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D), subjects the defendant to a statutory maximum term of imprisonment of five years, *see* 18 U.S.C. § 924(a)(1)(D); a maximum term of supervised release of three years, *see* 18 U.S.C. § 3583(b)(2); a maximum fine of $250,000, *see* 18 U.S.C. § 3571(b)(3); and a special assessment of $100, *see* 18 U.S.C. § 3013.

**2.      Guidelines Provisions**

**a.      Plea Agreement**

Pursuant to paragraphs 6(a)-(b) of the plea agreement, the parties have entered into the following stipulation: (i) that the offense of conviction involved a firearm described in 26 U.S.C. § 5845(a), and that the base offense level should be 18 pursuant to U.S.S.G. § 2K2.1(a)(5); and (ii) that the offense of conviction involved more than 8 but less than 24 firearms, resulting in a 4-level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(B).

**b.      Offense Level**

Under the federal sentencing guidelines, the base offense level for the defendant's conviction for Dealing in Firearms Without a License (Count 1) is 18.   *See* U.S.S.G. § 2K2.1(a)(5); PSR ¶ 23.   That level should be increased by four levels as a result of the following Chapter Two specific offense characteristic: that the offense of conviction involved more than 8 but less than 24 firearms pursuant to U.S.S.G. § 2K2.1(b)(1)(B); PSR ¶ 24.   The resulting adjusted offense level is 22.   PSR ¶ 28.

### c.    Acceptance of Responsibility

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).   The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

### d.    Criminal History Category

According to the presentence report, the defendant's criminal history category is one. PSR ¶ 36.   The government agrees with the Probation Office's determination of the defendant's criminal history category.

### e.    Guidelines Range and Sentence

As described above, the total offense level for the count of conviction is 19, and the criminal history category is one.   This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of imprisonment between 30 and 37 months. PSR ¶ 65.   The guidelines also call for a fine of $10,000 to $100,000.   PSR ¶ 74.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to (i) a sentence of imprisonment within the advisory guideline

range of 30 to 37 months; and (ii) a term of supervised release of three years along with the special conditions recommended by the United States Probation Office in its Presentence Investigation Report ("PSIR").

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2) for the following reasons.   First, the defendant's conduct endangered the public by placing firearms in the hands of unknown individuals – individuals who potentially are going to use the firearms for illicit purposes. Second, the defendant's conduct not only involved traditional handguns, but included "switches" which can easily convert an otherwise lawful handgun into a machinegun.   A guideline sentence is necessary to punish this defendant and to deter others from trying to make easy money.

The sentence recommended by the government is reasonable, not greater than necessary, and is sufficient to comply with and accomplish the many goals of sentencing.   18 U.S.C. § 3553(a).[1]

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 12th day of January, 2026,

/s/_____

TODD BLANCHE
Deputy Attorney General


JOHN A. SARCONE III
Acting United States Attorney

By:        *Richard D. Belliss*

Richard D. Belliss
Assistant United States Attorney
Bar Roll No. 515295